## UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRYSTAL D. PETERS, individually and on behalf of her minor child, LOGAN RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **FIRST NATIONAL INSURANCE COMPANY OF AMERICA, ET AL** | **08-543-B-M2** |

### **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, February 6, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CRYSTAL D. PETERS, individually**                           **CIVIL ACTION**
**and on behalf of her minor child,**
**LOGAN RICHARDSON**

**VERSUS**

**FIRST NATIONAL INSURANCE**                                **08-543-B-M2**
**COMPANY OF AMERICA, ET AL**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Remand (R. Doc. 10) filed by plaintiff, Crystal D. Peters ("Peters"), individually and on behalf of her minor child, Logan Richardson. Defendants, Hudson Insulation of LaPlace ("Hudson Insulation"), First National Insurance Company of America ("First National"), and Danny Jiron-Montes ("Jiron-Montes") (collectively "defendants"), have filed an opposition (R. Doc. 11) to Peters' motion.

## FACTS & PROCEDURAL BACKGROUND

Peters filed this lawsuit in state court on July 25, 2008 relating to a motor vehicle accident that occurred on June 20, 2008. She alleges that, on that date, she was driving a 2001 Daewoo Nubria, owned by Debra Church, and was stopped facing northbound on North Burnside Avenue at or near its intersection with Toby Avenue in Ascension Parish, Louisiana, when a 2006 Chevrolet 27000 truck, owned by defendant, Hudson Insulation, and driven by defendant, Jiron-Montes, which was also facing northbound at the same intersection, "backed up," striking the vehicle being driven by Peters. Peters contends that, at the time of the accident, First National had issued a policy of automobile liability insurance covering Jiron-Montes, as a permissive driver and employee of Hudson Insulation, for acts of the kind and nature alleged in the petition and is therefore liable for

1

the damages caused by Jiron-Montes. Peters further alleges that Hudson Insulation is vicariously liable for the acts of its employee, Jiron-Montes, provided he was acting in the course and scope of his employment. As a result of the accident, Peters contends that she and her son, Logan, have sustained physical pain and suffering; mental anguish, pain and suffering; loss of enjoyment of life; the potential for permanent disability; lost wages; loss of future earnings and earning capacity; and other damages. She alleges that they have also been "forced to undergo medical treatment for physical injuries and [that] said injuries have required continued medical treatment and medical expenses." Peters did not request a state court jury trial in her petition.

On August 27, 2008, defendants removed Peters' suit to this Court alleging the existence of diversity jurisdiction pursuant to 28 U.S.C. §1332. Peters has now filed the present motion, seeking remand of this matter to state court on the ground that the amount in controversy does not exceed the minimum amount required for diversity jurisdiction. In support of such contention, Peters has filed, with her motion, an "Irrevocable Stipulation as to Amount in Controversy," wherein she stipulates that "no individual [p]laintiff's claim arising out of the accident from which the above entitled and numbered cause is based does not exceed the sum of $75,000.00."

## **LAW & ANALYSIS**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[1] Because plaintiffs in Louisiana state courts, by law, may not

---

[1] It is undisputed that the parties to this matter are citizens of different states, in that Peters is alleged to be a citizen of Louisiana; First National is a foreign corporation

specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000). Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by: (1) showing state procedural rules binding the plaintiff to

---

with its principal place of business and incorporation in the State of Washington; Hudson Insulation is a foreign corporation with its principal place of business and incorporation in the State of New Jersey; and Jiron-Montes is a citizen of Honduras, Central America.

his/her pleadings;[2] or (2) filing a binding stipulation or affidavit to that effect with the complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Looking solely at the allegations in Peters' petition, it is ambiguous as to whether or not the damages in this matter will exceed $75,000.00, exclusive of interest and costs.  The list of damages contained in the petition simply provides the usual and customary damages set forth by personal injury plaintiffs and does not provide the Court with any guidance as to the monetary amount of damages Peters and her son have or will incur in this matter.[3]  Furthermore, as mentioned above, Peters did not pray for a state court jury trial in the petition so it is not even clear to the Court, based solely upon her allegations, whether or not the plaintiffs' damages will exceed the threshold amount for a state court jury trial, $50,000.00.[4]

---

[2] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

[3] Defendants make much of the fact that the accident in question is described in the petition as a "violent collision" and that the plaintiffs allege the need for "continued medical treatment" with the "potential" for "permanent disability."  Descriptive phrases of that nature, however, are often used in personal injury suit petitions and do not make it "facially apparent" from the petition that the amount in controversy is likely to exceed $75,000.00, exclusive of interest and costs.  Given the ambiguity of such phrases in the petition, the Court is in need of summary judgment-type evidence demonstrating the nature and extent of the plaintiffs' injuries as well as jurisprudence demonstrating damage awards made to Louisiana plaintiffs who have sustained the same or similar injuries.

[4] *See*, La.C.C.P. art. 1732, which provides that a state trial by jury shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds $50,000.00, exclusive of interest and costs.

Because the amount in controversy remains ambiguous after considering the allegations in the petition, the Court must next consider whether defendants have met their burden of proving, through summary judgment-type evidence, that the requisite amount is in controversy for purposes of diversity jurisdiction. The Court finds that the defendants have not carried that burden. The only evidence defendants submitted with their Notice of Removal and their present opposition is (1) a copy of Peters' petition for damages which, as discussed above, does not facially establish that the jurisdictional minimum is satisfied, and (2) a copy of an August 15, 2008 letter, wherein defense counsel notified Peters' counsel that he would remove the case to federal court within forty-eight (48) hours if plaintiff did not stipulate that her claims are for less that $75,000.00, exclusive of interest and costs, as required by La.C.C.P. art. 893.[5] Defendants indicate in their opposition that, when plaintiff did not respond to that letter within a week, they removed the case to this Court. The problem with defendants' argument grounded upon Article 893 is that all three U.S. District Courts in the State of Louisiana have recognized that the failure to produce

---

[5] La. C.C.P. art. 893 provides the following:

> A (1)  No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. . .

La. C.C.P. art. 893.

an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See, Weber v.* Stevenson, 2007 WL 4441261 (M.D.La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 is entitled to "some consideration," it is not, in and of itself, determinative of the amount in controversy. A finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable).[6]

The defendants' final argument in support of removal jurisdiction is based upon the insurance policy issued by First National to Hudson Insulation (covering Jiron-Montes), which was in effect at the time of the accident. Although defendants have not yet submitted a copy of that insurance policy into evidence, they contend that such policy has limits of

---

[6] *See also, Lilly v. Big E Drilling Co.*, 2007 WL 2407254 (W.D.La. 2007)(If parties may not create subject matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff in failing to include an allegation that his/her damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 cannot give rise to presumptive federal jurisdiction or satisfy the defendant's burden of proving, through allegations of fact or record evidence, that the amount in controversy requirement is met); *Berthelot v. Scottsdale Insurance Co. of Arizona*, 2007 WL 716126 (E.D.La. 2007)("[I]n light of the requirement that this Court strictly construe the jurisdictional statutes and resolve ambiguities in favor of remand, the Court disagrees that the silence of the petition [in failing to plead the lack of federal jurisdiction in accordance with La.C.C.P. art. 893] creates federal jurisdiction"); *Fontenot v. Granite State Insurance Company*, 2008 WL 4822283 (W.D.La. 11/3/08)(A removing defendant's "burden is unaffected by the plaintiff's failure to comply with La. C.C.P. art. 893 because compliance would not require the plaintiff to assert a specific amount in controversy, only an opinion as to federal jurisdiction. The plaintiff's statement that the amount in controversy either did or did not exceed the federal jurisdictional amount would simply be one piece of evidence for the Court to consider, for 'a party may neither consent to nor waive federal subject matter jurisdiction'."); *George v. Dolgencorp, Inc.*, 2008 WL 103957, *1 (W.D. La. 2008), quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 *5th Cir. 1999); *Saxon v. Thomas*, 2007 WL 1974914 (W.D. La. 2007).

$1,000,000.00, and as a result, the "potential recovery" in this case is "substantial" and exceeds the jurisdictional minimum. The defect in that argument is that, nowhere in the petition, does Peters allege that she is seeking the full policy limits in this matter or that the estimated amount of damages in this case meets or approaches the policy limits. Instead, in her prayer for relief, Peters simply seeks judgment in her favor for "reasonable damages for the personal injuries and property damages she sustained." Thus, even if defendants submitted a certified copy of the declarations page demonstrating the alleged $1,000,000.00 policy limits, that evidence alone would not satisfy their burden of proving that the jurisdictional minimum is satisfied in this case. It is the actual value of Peters' claimed damages that is relevant to the amount in controversy determination, not her "potential recovery" based upon the value of the underlying insurance policy. *See, Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)(holding that, in a claim based upon recovery under an insurance policy, it is the "value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy").[7]

Since the amount in controversy remains ambiguous even after considering the evidence and arguments presented by the defendants, the Court is permitted to consider

---

[7] *See also, Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co.*, 1995 WL 442062, at *1 (E.D. La. 1995)(calculating the amount in controversy based upon receipts and affidavits as to the actual damages suffered); *Mediamolle v. State Farm Ins. Co.*, 2008 WL 834378 (E.D. La. 2008)(where a plaintiff does not assert in the petition that the amount of his claim approaches, meets, or exceeds the policy limits, the policy limits are not determinative of the amount in controversy).

the post-removal stipulation submitted with Peters' motion to remand.[8]  Although there appears to be a typographical or semantic error in that stipulation in that plaintiff indicated therein that "no individual plaintiff's claim" arising from the accident in question "does not exceed" the jurisdictional minimum, it is clear that plaintiff's purpose in filing the stipulation was to agree that no plaintiff's claim in this suit "will exceed" the sum of $75,000.00 and that such error, which resulted in the use of a "double-negative," was inadvertent.  Thus, to the extent that Peters will submit, within then (10) days of this report, a revised stipulation

---

[8] Where the amount in controversy remains ambiguous after consideration of the petition and any evidence submitted by the removing defendant, as in this case, courts are permitted to consider post-removal stipulations which clarify the amount in controversy as of the time of removal.  See, Guillory v. Chevron Stations, Inc., 2004 WL 1661201 (E.D. La. 2004)(Given that the amount in controversy was not facially apparent from the complaint and the defendant's inability to show by a preponderance of the evidence that more than $75,000 was in controversy, the court credited the plaintiff's post-removal affidavit); Easley v. Pace Concerts, 1999 WL 649632 (E.D. La. 1999)(similarly crediting a plaintiff's stipulation that damages did not meet the jurisdictional minimum for diversity); Parker v. Millar Elevator Services Co., 2000 WL 64289 (E.D. La. 2000)(Although not binding, a post-removal unsworn stipulation may be considered as evidence in determining whether the amount in controversy has been met.  After considering all the evidence, including the post-removal stipulation, the court found that the defendants had failed to prove by a preponderance of the evidence that the plaintiff's total damages more likely than not would exceed the jurisdictional amount); De Aguilar v. Boeing Co. [De Aguilar II], 47 F.3d 1404, 1406 (5th Cir. 1995)("Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved"); Jackson v. Markel American Insurance Co., 1998 WL 527230 (N.D. Miss. 1998)(Where the court found it doubtful, based upon the face of the complaint and the evidence presented by the defendant, that the plaintiff would recover in excess of $75,000.00, the court found it appropriate to consider the plaintiff's affidavits and statement of intent to recover below the federal jurisdictional minimum); Haley v. Ford Motor Co., 398 F.Supp.2d 522 (S.D.Miss. 2005)(where the court found that it was not "facially apparent" that the requisite jurisdictional amount had been met based upon a reading of the plaintiff's petition, but the Court held that the plaintiff could "easily establish" the lack of federal jurisdiction by submitting a post-removal affidavit indicating that the requisite amount in controversy for federal jurisdiction was not present in accordance with the Fifth Circuit Court of Appeal's decision in Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia ("ANPAC") v. Dow Quimica de Colombia, S.A., 988 F.2d 559, 565 (5th Cir. 1993)).

correcting such error and properly agreeing that no plaintiff's claim in this case will exceed the sum of $75,000.00, exclusive of interest and costs, remand will be recommended.

Finally, relative to Peters' request for the attorney's fees and costs associated with defendants' improper removal of this case, the Fifth Circuit has held that "[f]ees should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper'."  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)(quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Furthermore, a district court's discretion in ordering payment of costs and fees is not restricted to cases in which there is a finding of bad faith, negligent or frivolous removal. *Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993); *News-Texan, Inc. v. City of Garland, Tex.*, 814 F.2d 216 (5th Cir. 1987).  Considering the complete lack of summary judgment-type evidence substantiating defendants' allegation that the jurisdictional minimum is satisfied in this case, the Court finds that defendants lacked an "objectively reasonable" basis for removing this matter, and an award of attorney's fees and costs to Peters is therefore warranted.

## RECOMMENDATION

For the above reasons, it is recommended that, if plaintiff, Crystal D. Peters, individually and on behalf of her minor child, Logan Richardson, submits a revised stipulation in accordance with this report within ten (10) days, plaintiffs' Motion to Remand

(R. Doc. 10) should be **GRANTED**, and this matter should be **REMANDED** to the 23rd

Judicial District Court, Parish of Ascension, State of Louisiana, for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, February 6, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**